UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD DAVID FRANKS,

                Plaintiff,                    CIV. NO. 13-10088

        v.                          HON. TERRENCE G. BERG
                                      HON. MARK A. RANDON

THE STATE OF ARIZONA,
ET AL.,

                Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTIONS TO DISMISS (DKTS. 14 & 32)**

Leonard David Franks ("Plaintiff") alleges that he sent $24,800 in U.S.

currency via FedEx from Warren, Michigan to a post-office box in a U.P.S. Store in

Phoenix, Arizona, and that it was unlawfully seized by the state of Arizona.

Plaintiff has sued the state of Arizona, Arizona's Governor and Attorney General,

various Maricopa County Prosecutors, a Maricopa Superior Court Commissioner[1]

(collectively, the "Arizona Defendants"), FedEx Corporation ("FedEx") and the

U.P.S. Store.  Plaintiff contends that the seizure of the $24,800 violates his

Constitutional rights, entitling him to relief under 42 U.S.C. § 1983.

---

[1] A Court Commissioner is a judicial officer in Arizona.  "A[n] [Arizona] county's superior court presiding judge may appoint court commissioners to perform limited judicial duties if the county has at least three judges."  *See* http://www.azcourts.gov/azcourts/superiorcourt.aspx (last visited June 26, 2013).

This matter is before the Court on FedEx's and the Arizona Defendants' motions to dismiss (Dkts. 14 & 32).  Plaintiff filed responses to both motions (Dkts. 18, 37 & 41) and Defendants filed replies in support of their motions (Dkts. 22 & 40). The Court has reviewed the parties' filings, and finds that oral argument will not significantly aid the decisional process.  Thus, pursuant to E.D. Mich. LR 7.1(f)(2), this matter will be decided on the briefs.  For the reasons set forth below, Defendants' motions to dismiss are **GRANTED**, and Plaintiff's case is hereby **DISMISSED WITH PREJUDICE**.

## I.  BACKGROUND

The following facts are taken from Plaintiff's Complaint and the attachments thereto which, for purposes of Defendants' motions to dismiss, are assumed to be true and are viewed in a light most favorable to Plaintiff.

This lawsuit involves a FedEx shipment, sent on December 1, 2010, by D. Cutler,[2] 3965 Stephens Rd., Warren, MI 48091 (FedEx tracking number 873589932624) to T. Mason, 4340 E. Indian School Rd., 21-433, Phoenix, AZ 85018. This address is a Phoenix post-office box located in a U.P.S. Store.  The shipment contained $24,800[3] in U.S. currency.  Plaintiff avers that he sent this cash to a

---

[2] Plaintiff, whose name is Leonard David Franks, alleges in the Complaint that he is also known as ("a/k/a") "Lenny Franks" and "D. Cutler" (Dkt. 1 at 2).  Plaintiff does not further explain why he uses these aliases or, specifically, why he used the alias D. Cutler to send the FedEx shipment at issue, rather than his real name.

[3] Specifically, 26 $100 bills, 127 $50 bills, 752 $20 bills, 74 $10 bills and 14 $5 bills (Dkt. 1; Ex. B ¶ 17).

business associate, Tyrone Mason, to open a tattoo parlor and to "produce music" (Dkt. 1 ¶ 20). In a type-written statement attached to the Complaint, Mr. Mason explained that the reason Plaintiff sent him cash via FedEx (as opposed to using a bank wire transfer or mailing a check) was that Mr. Mason "owe[d] child support and they will garnish any large money from my bank account" (Dkt. 1 at 58, CM/ECF pagination). Mr. Mason further explained that he "tried money gram and western union[,] but was only allowed to receive $450 and $499 in the state of Arizona…" *Id.*

As detailed in the application for order of forfeiture attached to Plaintiff's Complaint (Dkt. 1; Ex. B), upon the parcel's arrival in Arizona, "FedEx conducted records checks of D. Cutler (the shipper) and T. Mason (the recipient)." *Id.* ¶ 20. The package raised suspicions, as FedEx found that the "address for the recipient could not be verified as legitimate…" *Id.* ¶¶ 20, 21. Then, "FedEx personnel deemed the parcel was undeliverable and opened the parcel to see whether there was any additional location information inside of it." *Id* ¶ 21. Upon opening the package, FedEx personnel found the cash at issue in a "vacuum sealed food saver bag" and they "turned the parcel over to police." *Id.* ¶ 22.

Sheriff's deputies in Maricopa County then began the process to seize the $24,800. The Maricopa County Attorney's Office sought judicial forfeiture of the money under Arizona racketeering and controlled substance statutes. Plaintiff, a Michigan resident, sent a "claim" to the County Attorney's Office, which asserted an

3

interest in the seized cash and objected to its forfeiture. *Id.* ¶ 4. Mr. Mason, the intended recipient of the FedEx package, did not file a claim in the Maricopa County Superior Court.

Plaintiff's court filings did not meet the requirements of Arizona law specifying the form, contents and method for filing a valid claim. After serving Plaintiff with a series of documents, noting his failure to properly file either a legally sufficient claim or response to the complaint, the Maricopa County Attorney's Office applied for and received an order of forfeiture, signed by Commissioner James Morrow of the Maricopa County Superior Court in August of 2011 (Dkt. 1; Ex. F).

Plaintiff took no further steps to challenge or appeal either the forfeiture action or the forfeiture order in the Arizona courts. Instead, over a year and a half later – in January of 2013 – he filed this suit in this Court, seeking return of the forfeited funds, additional damages, and other relief, against a number of Defendants, including FedEx, the U.P.S Store, Arizona's Governor and Attorney General, the Maricopa County Attorney, Maricopa County Superior Court Commissioner James Morrow and various Maricopa County Deputy Attorneys. Plaintiff's forty-eight page Complaint demands "the return on [sic] the $24,800" (Dkt. 1 ¶ 49). Many of the allegations and claims in the Complaint are plainly inapplicable, such as references to "double jeopardy" (¶ 60), "privileges and immunities" (¶ 47, Counts VI & VII), "master servant liability" (¶ 58), "admiralty

4

law" (¶ 77) and "defamation" (Counts III & IV).  Scattered throughout the Complaint, however, are several references to § 1983.  Applying a liberal reading, the Court construes Plaintiff's claims as § 1983 claims for unlawful search and seizure of the $24,800, in violation of the Fourth Amendment.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true.  *Ziegler v IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.  A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556.  In other words, "[t]hreadbare recitals of the

5

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Assessment of the facial sufficiency of the Complaint must ordinarily be undertaken without resort to matters outside the pleadings. *See Wysocki v. Int'l Bus. Mach. Corp.,* 607 F.3d 1102, 1104 (6th Cir. 2010). If a court does consider material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion. *Id.* "However, a court may consider exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (internal quotation omitted).

## III.   ANALYSIS

### A. The *Rooker-Feldman* Doctrine Deprives This Court Of Jurisdiction

The *Rooker-Feldman* doctrine—named after the decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 461 U.S. 462 (1983)—stands for the proposition that "the lower federal courts do not have jurisdiction over cases brought by 'state-court losers' challenging state-court judgments rendered before the district court proceedings commenced."

*Raymond v. Moyer*, 501 F.3d 548, 551 (6th Cir. 2007) (quoting *Lance v. Dennis*, 546

U.S. 549, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

U.S. 280, 284 (2005))).  However, as the Sixth Circuit has explained:

> The doctrine applies only when a plaintiff complains of injury from the state
> court judgment itself. If the source of the injury is the state court decision,
> then the *Rooker-Feldman* doctrine would prevent the district court from
> asserting jurisdiction. If there is some other source of injury, such as a third
> party's actions, then the plaintiff asserts an independent claim.

*Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007).

In this case, Plaintiff's Complaint primarily seeks the return of the $24,800

that the Maricopa County Superior Court ordered forfeited (Dkt. 1; Compl. ¶¶ 46,

49 and prayer for relief).  The Maricopa County Superior Court found that Plaintiff

failed to properly file a legally sufficient claim, failed to properly file an answer to

the forfeiture complaint, and otherwise failed to raise any valid challenge in the

forfeiture case—even after being served with a notice of filing and the application

for an order of forfeiture (Dkt. 1, Ex. F; Order of Forfeiture ¶¶ 2-8).  Furthermore,

after the forfeiture was granted in August 2011, Plaintiff failed to file any post-

forfeiture motion in the Maricopa County Superior Court or appeal to a higher state

court in Arizona.  Essentially, Plaintiff chose not to participate in the state court

proceedings or to lodge a valid objection to the forfeiture in any way.  Instead,

Plaintiff waited 17 months and filed this lawsuit in federal court.

Because Plaintiff is primarily seeking to have this Court invalidate a final

order from an Arizona state court proceeding, this Court does not have jurisdiction

to consider Plaintiff's suit.  The *Rooker-Feldman* doctrine precludes "a party losing in state court… from seeking what in substance would be appellate review of… [a] state judgment in a United States district court."  *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [U.S.] district court proceedings commenced and inviting district court review and rejection of those judgments."); *Berry v Schmitt*, 688 F.3d 290 (6th Cir. 2012).  The main thrust of Plaintiff's allegations is a direct challenge to the forfeiture of the $24,800.  Any claim of injury and damages that Plaintiff may have had was by operation of the forfeiture order.  As such, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction over such a claim and Plaintiff's attempt to invalidate the forfeiture order must be dismissed.

### B. The Arizona Defendants Are Immune From Liability

Even assuming that the *Rooker-Feldman* doctrine did not bar Plaintiff's claims, the Court also finds that the Arizona Defendants are immune from liability from Plaintiff's suit, for several reasons.  First, the Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Under the Eleventh Amendment, a state, its officials, and its employees may be sued in federal court only when the state has consented to suit.  *See Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).  This doctrine applies to lawsuits where a party challenges the acts of state officials or employees in their official capacities and seeks money damages.  *See Doe v. Wigginton*, 21 F.3d 733, 736–37 (6th Cir. 1994).  The Eleventh Amendment bars such suits because a judgment would be satisfied from the state's treasury and, therefore, the state is the real party in interest.[4]  *Id.*  Section 1983 does not abrogate Eleventh Amendment immunity of state governments.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Plaintiff appears to be labeling his actions against the Arizona Defendants as individual capacity claims.  For instance, the Complaint's caption lists Arizona's Governor both as "Jan Brewer" and "Jan Brewer Citizen," though it is unclear what precise distinction Plaintiff is trying to make between the two.  Arizona's Attorney General is named as "an individual, personally acting."  The Complaint's

---

[4] Plaintiff's claims could, theoretically, be construed as seeking prospective injunctive relief in the form of a return of the seized cash.  Under *Ex Parte Young*, the Eleventh Amendment permits suits against state officials in their official capacities for prospective injunctive relief in order to ensure the enforcement of federal law.  *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004*); Ex Parte Young*, 209 U.S. 123, 155-56 (1908); *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474 (6th Cir. 2008); *Perez v. Wade*, 652 F. Supp. 2d 901, 906 (W.D. Tenn. 2009) (claim for equitable return of seized cash survived motion for judgment on the pleadings, as against drug task force officer and county sheriff).  However, even if Plaintiff's claims are construed as seeking prospective equitable relief, he has not sued the proper defendants to assert such a claim, with the possible exception of the Maricopa County Attorney William Montgomery (80% of the seized cash was distributed to the County Sheriff and 20% to the County Attorney's Office) (Dkt. 1, Ex. F).  Furthermore, such a claim would still be barred by the *Rooker-Feldman* doctrine, as discussed above, and the Court lacks personal jurisdiction over Defendant Montgomery, as all alleged events occurred in Arizona.

allegations, however, refers only to official functions, such as stating that the basis for suing the Attorney General was because he must "defend the State of Arizona" when it is being sued (Dkt. 1 ¶8). The Complaint does not allege that either Governor Brewer or Attorney General Horn had any direct involvement in – or knowledge of – the underlying Maricopa County forfeiture action and thus has not adequately pled or shown how Arizona's Governor and Attorney General were involved. *See Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"). Therefore, any allegations against the Governor and Attorney General can pertain only to their official capacities. Official capacity claims against Governor Brewer and Attorney General Horn are barred from proceeding in federal court by the Eleventh Amendment.

As to the Maricopa County Prosecutors, the Sixth Circuit has held that county prosecutors, in the course of prosecuting crimes, act as agents of the State and are immune from suits seeking money damages against them in their official capacities. *See Boone v. Kentucky*, 72 Fed. Appx. 306, 307 (6th Cir. 2003) (holding that a § 1983 suit against county prosecutors in their official capacities "is deemed to be a suit against the state and also barred by the Eleventh Amendment"); *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) ("City prosecutors are responsible for prosecuting state criminal charges ... Clearly, state criminal laws and state victim impact laws represent the policy of the state. Thus, a city official

10

pursues her duties as a state agent when enforcing state law or policy."); *Smeal ex. rel. Smeal v. Alexander*, No. 5:06 CV 2109, 2006 WL 3469637, at *6 (N.D. Ohio Nov.30, 2006).

Here, Plaintiff seeks money damages from several Maricopa County Prosecutors. The Prosecutors, however, were clearly acting as agents of Arizona with regard to the filing and prosecuting of the underlying forfeiture action. Thus, Plaintiff's § 1983 claims against various Maricopa County Prosecutors in their official capacities are barred by the Eleventh Amendment because the state of Arizona is the real party in interest. Moreover, prosecutors are entitled to absolute immunity from damage suits brought against them in their personal capacities for initiating a prosecution and in presenting the state's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

Plaintiff also sued Maricopa County Superior Court Commissioner James Morrow "personally, acting as the Commissioner [ . . . ] enforcing the Statutes" of Arizona (Dkt. 1 at 5). Commissioner Morrow issued the order approving the forfeiture of the $24,800 (Dkt. 1; Ex. F). Plaintiff's Complaint does not allege that Commissioner Morrow took any action beyond granting the forfeiture order, which was clearly done in his capacity as a Court Commissioner.

Arizona Superior Court Commissioners are judicial officers. Article VI, § 24 of the Arizona Constitution authorizes Superior Court Judges to appoint Commissioners, whose powers and duties are specified by statute and court rules.

11

*See* Ariz. Rev. Stat. §12-212 and Ariz. Sup. Ct. R. 96.  Commissioners are vested with the full authority of the Superior Court and are authorized to hear and decide matters, and issue orders, in matters assigned by the presiding judge that are within their authority.  Commissioners are also considered to be judicial members of the State Bar of Arizona.  *See* Ariz. Sup. Ct. R. 32(C)(6).

A judicial officer is entitled to absolute immunity for actions taken in his judicial capacity, unless he is acting completely without jurisdiction. *See Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997).  Plaintiff does not argue that Commissioner Morrow was acting in the complete absence of jurisdiction.  In granting the order of forfeiture, Commissioner Morrow was acting as a judge under Arizona law, fully within his lawful jurisdiction, and thus is entitled to absolute judicial immunity.  *See Mothershead v. Maricopa Cnty.*, CV071508-PHXDGC, 2007 WL 2948986 (D. Ariz. Oct. 10, 2007) (Maricopa County Superior Court Commissioner entitled absolute judicial immunity from suit that alleged Commissioner violated the plaintiff's constitutional rights); *Jones v. Harris*, 22 F. App'x 520, 521 (6th Cir. 2001) (Judicial Commissioner was entitled to absolute judicial immunity).

In sum, the Arizona Defendants are immune from liability, and are entitled to dismissal.

### C.  FedEx Is Not A State Actor

12

In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must set forth those facts that—when construed in his favor—clearly establish: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) [that has been] caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Plaintiff's Complaint, and the attachments thereto, do not allege that FedEx acted under color of state law. According to the "application for order of forfeiture and order" (Dkt. 1; Ex. B ¶ 3), "police intercepted a suspicious parcel at a FedEx terminal in Phoenix." Plaintiff's Complaint contains no allegations that a representative of FedEx had any involvement in the seizure, and ultimate forfeiture, of the $24,800 at issue.

There are limited circumstances where a private party can be sued under § 1983, but none appear applicable to Plaintiff's allegations. For instance, "[a] private party's actions constitute state action ... where those actions may be 'fairly attributable to the state.'" *Chapman v. Higbee*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). The Sixth Circuit has recognized three tests to determine whether a private party may be considered to be a state actor: to wit, (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *Id.*

13

Under the public function test, "a private party is deemed [to be] a state actor if he or she exercised powers traditionally reserved exclusively to the state." *Id.* This test has been narrowly interpreted, and has only been found to be met by such functions as holding elections, exercising eminent domain, and operating a company-owned town. *Id.* (citations omitted). Under this test, "the [c]ourt conducts a historical analysis to determine whether the party has engaged in an action traditionally reserved to the state, and the plaintiff bears the burden of making that showing." *Reguli v. Guffee*, 371 F. App'x. 590, 600 (6th Cir. 2010) (citation and internal quotation marks omitted). There is no allegation in the Complaint that FedEx exercised "powers traditionally reserved exclusively to the state." As such, Plaintiff's claims against FedEx cannot fit under the public function test.

The state compulsion test "requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (citations omitted). It is insufficient for an aggrieved party to assert that the state merely approved of or acquiesced in the private party's actions. *Id.* Rather, the plaintiff must "allege and prove that state officials coerced or participated" in the private party's decision-making. *Wilcher v. City of Akron*, 498 F.3d 516, 520 (6th Cir. 2007). There is no allegation that some state actor coerced FedEx in this matter. Thus, Plaintiff cannot meet the state compulsion test.

14

Finally, under the nexus test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *S.H.A.R.K. v. Metro Parks Serving Summit Co.*, 499 F.3d 553, 565 (6th Cir. 2007). To meet this burden, an aggrieved plaintiff must "demonstrate[ ] that the state is intimately involved in the challenged private conduct." *Wolotsky*, 960 F.2d at 1335. Plaintiff has not sufficiently alleged that there was some nexus between a state actor and FedEx. Plaintiff merely alleges that FedEx personnel opened a package they believed to be undeliverable to attempt to discern the proper recipient. Upon discovering the contents, FedEx personnel notified the authorities. There is no allegation that FedEx was acting in coordination with, or even with the knowledge of, the state law enforcement officials. This is not enough to create a "nexus" between FedEx and the Arizona Defendants to impose § 1983 liability upon FedEx. *See, e.g., United States v. Faaita*, CR 11-00005 LEK, 2011 WL 6140858 (D. Haw. Dec. 8, 2011) (FedEx employee's act of opening package, and then reporting illegal contents to law enforcement, does not make FedEx an "instrument or agent" of the Government).

Because FedEx cannot be deemed to be a state actor under any of the relevant tests, and state action is a requirement for a § 1983 claim, Plaintiff's § 1983 claim against FedEx fails to state a claim must be dismissed.

**D.  The UPS Store**

15

Finally, Plaintiff sued the UPS Store.  Plaintiff contends that the UPS Store was properly served with a Summons and Complaint on February 21, 2013 (Dkt. 23); the UPS Store has not answered and the clerk entered default against it on March 28, 2013 (Dkt. 28).  As discussed above in relation to FedEx, a plaintiff asserting a claim under 42 U.S.C. § 1983 "must establish that a person acting under color of state law deprived [him] of a right secured by the Constitution or laws of the United States." *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001).

Although the clerk entered the defaults against the UPS Store, Plaintiff has not moved for judgment against it.  Rule 55 authorizes the clerk of court to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  When the claim is for a sum certain, the clerk may then enter judgment by default upon request of the plaintiff and upon affidavit of the amount due.  *See* Fed. R. Civ. P. 55(b)(1).  In all other cases, judgment by default may be entered only by application to the Court. *See* Fed. R. Civ. P. 55(b)(2).  The Court has broad discretion in determining the circumstances under which a default judgment should enter. *See Palmer v. Buscemi*, Case No. 05-10094, 2007 WL 2903203 (E.D. Mich. Sept. 30, 2007).  As noted in *Palmer*, "[t]his element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when [a] defendant is technically in default and that fact has been noted under Rule 55(a)." *Id.* at *7, citing Wright & Miller, 10A Federal Practice & Procedure § 2685 (3d ed. 1998).  "Among the factors that the Court may consider include how harsh an effect

16

a default judgment would have and whether the facts alleged in the complaint state a valid cause of action." *Id.,* citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981); *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D. Ind. 2005); Wright & Miller, 10A Federal Practice & Procedure § 2685 (3d ed. 1998).

For the reasons noted in the discussion concerning FedEx, above, the Court finds Plaintiff's Complaint does not state a valid claim against the UPS Store for violation of federal law. Plaintiff's Complaint does not include a claim for a sum certain against the UPS Store. Therefore, Plaintiff was required to submit an application for default judgment to the Court, and could not simply secure a default judgment by applying to the clerk's office. *See* Fed. R. Civ. P. 55(b). Plaintiff has not done so in the nearly four months since the clerk entered the default against the UPS Store.

Even if Plaintiff had filed a motion for entry of default judgment, this Court would not be inclined to enter a default judgment because Plaintiff's claims against the UPS Store lack merit. The sound exercise of discretion does not favor entry of default judgment for Plaintiff, whose claims are not supported by the law. *See Au Bon Pain Corp.*, 653 F.2d at 65; *Wolf Lake Terminals, Inc.*, 433 F. Supp. 2d at 941; Wright & Miller, 10A Federal Practice & Procedure § 2685 (3d ed.1998). The Court orders, therefore, that the clerk's entry of default against the UPS Store be set aside, and this case is dismissed in its entirety.

17

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss (Dkts. 14 &
32) are **GRANTED,** the clerk's entry of default (Dkt. 28) against the UPS Store is
**SET ASIDE**, and Plaintiff's Complaint is hereby **DISMISSED WITH
PREJUDICE**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  August 9, 2013

## Certificate of Service

I hereby certify that this Order was electronically submitted on August 9,
2013, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager

18